038993/01245/MHW/JFM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESAM ZUMUT, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL LEMKE, et al, <br><br> Defendants. | Case Number 14-cv-6479 <br><br> Judge Rebecca R. Pallmeyer |

### SALEH OBAISI, M.D.'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, SALEH OBAISI, M.D., by and through his attorneys, Matthew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for his Memorandum of Law in support of his Fed. R. Civ. P. 56 Motion for Summary Judgment, states as follows:

1. Plaintiff, WESAM ZUMUT, filed a complaint against Illinois Department of Corrections ("IDOC") prison officials and his medical providers at Stateville Correctional Center ("Stateville"), where he is currently incarcerated on a murder charge, claiming civil rights violations related to, *inter alia*, a failure to properly treat a non-displaced fracture of his pinky toe following an injury that he sustained while playing basketball at the prison in 2013. *See* Defendant, Saleh Obaisi, M.D.,'s Statement of Undisputed Facts ("SOF"), ¶¶ 2-4.

2. Dr. Obaisi has consented to this Court's jurisdiction and venue by admission in his Answer to the Plaintiff's Third Amended Complaint. (SOF at ¶ 1).

3. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth

specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "A mere scintilla of evidence" in support of the non-movant's position is insufficient; a party will only be successful in opposing summary judgment "when it presents definite, competent evidence to rebut the motion." *Essex v. United Parcel Serv. Inc.,* 111 F.3d 1304, 1308 (7th Cir. 1997).

4. The Plaintiff's Third Amended Complaint makes several allegations of deliberate indifference based on the actions of medical providers besides Dr. Obaisi. Liability under 42 U.S.C § 1983 requires direct and personal involvement in the situation that causes injury to an inmate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). To be liable under Section 1983, the individual defendant must have caused or participated in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005).

5. Here, the Plaintiff's Complaint, generally, encompasses the time period from July 2013 when he sustained his fracture until November 2013 when x-rays showed his bone re-growing, his cast was removed, and Plaintiff admitted that his pain subsided. (SOF at ¶ 31, 61). The Plaintiff's injury occurred on July 13th but Plaintiff admitted under oath that he did not treat with Dr. Obaisi until July 17th because he was treating with other medical providers. (SOF at ¶¶ 31- 39). Nevertheless, the Plaintiff raises nine (9) specific complaints against Dr. Obaisi for alleged acts and omissions occurring on July 13th and July 15th. (Dkt. # 42, ¶ 25(a)-(i)).

6. He also expressly complains that Dr. Obaisi failed to send him outside of Stateville for treatment based on complaints that he made on July 20th and July 24th, but the undisputed record shows that the Plaintiff made those complaints to other medical providers and did not even

2

see Dr. Obaisi again until September 9th. (Dkt. # 42, ¶ 25(m)); *see also* (SOF at ¶ 42) (July 20, 2013 medical appointment with Dr. Ann Davis); (SOF at ¶ 44) (July 24, 2013 medical appointments with two nurses); (SOF at ¶ 53) (September 9, 2013 examination with Dr. Obaisi).

7. From the date of his fracture in July 2013 until his cast was removed in November 2013, the Plaintiff personally treated with Dr. Obaisi only four (4) times and during one of those visit the Plaintiff only complained of ear-pain rather than any concerns with his fracture. (SOF at ¶ 39, 53, 60-61). Section 1983 requires personal liability rather than *respondeat superior* liability. To the degree that the Plaintiff, as he testified, is seeking to hold Dr. Obaisi liable for the treatment decisions made by other providers, his claims fail as a matter of law. *See Gentry*, 65 F.3d at 561; (SOF at ¶ 3).

8. Plaintiff must establish all three elements of deliberate indifference to prevail. In order to prevail on a claim under § 1983, the Plaintiff must show that Dr. Obaisi acted with deliberate indifference to his serious medical need or condition. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The burden of proving deliberate indifference rests on the Plaintiff. *Id.* The United States Supreme Court has articulated a three-part test for proving deliberate indifference. The Plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

9. First, Plaintiff must prove the existence of an objective, serious medical need. *Estelle,* 429 U.S. at 107. Here, the Plaintiff's serious condition is a non-displaced fracture of his pinky toe. (SOF at ¶ 2). Initially, on the day that the Plaintiff sustained his injury, he had no

3

bruising in his toe, no signs of deformity in the foot, and no neurogenic impairment in the foot. (SOF at ¶ 32, 34). To the degree the Plaintiff claims his serious injury is pain, Seventh Circuit case law analyzing whether pain is an objectively serious medical condition, generally requires that the pain be accompanied by some other objective indicia beyond the Plaintiff's subjective complaints. *See Gutierrez v. Peters*, 111 F.3d 1364, 1370 (7th Cir. 1997) (pain complaints were objectively serious when it was manifestly clear that an untreated infected cyst caused "excruciating pain" sometimes accompanied by fever) (emphasis added). Here, independent ER doctors assessed that the Plaintiff was not in "excruciating pain". (SOF at ¶ 46). He also refused pain medication on two occasions. (SOF at ¶ 28).

10. The second element of a deliberate indifference claim – subjective notice – requires that "[A] plaintiff must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016). Dr. Obaisi first treated the Plaintiff on July 17, 2013, four days after his accident. (SOF at ¶ 39). Dr. Obaisi reviewed an x-ray report which showed a fracture of the Plaintiff's pinky toe in "good position" meaning that there was no displacement of the bone and the bone did not require medical intervention such as a reduction of fixation in order to heal properly. (SOF at ¶ 41). Dr. Obaisi next saw the Plaintiff on September 9, 2013 for the Plaintiff's complaints of ear pain, and the Plaintiff made no complaint, whatsoever, of foot problems. (SOF at ¶ 53). Dr. Obaisi next saw the Plaintiff on October 31st, when he ordered a new x-ray and a follow-up appointment in five days, and five days later, November 4th, Dr. Obaisi found the x-ray showed positive signs of bone healing, prescribed medicine, and had the Plaintiff's cast removed. (SOF at ¶ 59, 61). Simply, there was nothing available to Dr. Obaisi during any of his four examinations of the Plaintiff that indicated that any substantial risk of harm to the Plaintiff existed.

11. The Plaintiff's deliberate indifference claim against Dr. Obaisi also fails because the undisputed facts show that Dr. Obaisi complied with all applicable community standards of medical care in treating the Plaintiff. The third element of a deliberate indifference claim is that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle,* 429 U.S. at 107. A medical professional is "entitled to deference in treatment decisions unless no minimally competent medical professional would have so responded under these circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

12. Here, the only medical testimony secured in this case, establishes that the standard of care for treating a non-displaced fifth metatarsal fracture like the Plaintiff had involves stabilizing the fracture, leaving it as-is, and the bone will heal properly on its own. (SOF at ¶ 30). The fracture does not require reduction in order to heal properly. (SOF at ¶ 30). As noted, *supra*, Dr. Obaisi was not involved in almost all of the medical care and treatment of this Plaintiff. However, to the degree that he was involved, the Plaintiff received the exact treatment that the standard of care recommended. His foot was placed inside of a fiberglass cast, where it remained until November 2013 when x-rays found positive signs that the bone healed. (SOF at ¶ 60). There was no deviation, of any kind, from the care required for this Plaintiff.

13. The Plaintiff has not established a pattern of neglect. The Seventh Circuit requires that when assessing whether the Plaintiff has satisfied the extremely high burden of proving deliberate indifference, the totality of an inmate's medical care must be considered. *See Dunigan v. Winnebago County*, 165 F.3d 587, 591 (7th Cir. 1999). A Plaintiff's "factual highlights" are not sufficient to deny summary judgment in the defense's favor. *Id.* A pattern of neglect must be evident in the record. *Id.*; *see also e.g. Gutierrez,* 111 F.3d at 1374-75 (holding that isolated incidents of neglect during an otherwise continuous stretch of adequate medical care is

insufficient to support an inference of deliberate indifference).  Between the date of his accident in July 2013 and his cast's removal in November 2013, the Plaintiff was seen by providers at Stateville seventeen (17) times related to his fracture.  (SOF at ¶¶ 31-60).  Dr. Obaisi also treated the Plaintiff for other medical conditions of which he makes no complaints.  (SOF at ¶¶ 63-65).  No reasonable fact finder could review this Record and determined that Dr. Obaisi, or any medical provider at Stateville's medical care of the Plaintiff's fractured pinky toe constituted deliberate indifference to a serious medical need.  Thus, Plaintiff's claim fails.

14. The Plaintiff has produced no medical testimony establishing his claims against Dr. Obaisi.  Without medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of his medical treatment is insufficient to raise a genuine issue of material fact. *Walker v. Zunker*, 30 Fed. App'x. 625, 628 (7th Cir. 2002); *see also Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) (finding that a plaintiff must have such "verifying medical evidence" when the deliberate indifference claim is based on the alleged failure to treat a condition adequately); *Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996) ("an inmate who complains that a delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed").  Before the Plaintiff can claim that Dr. Obaisi has provided ineffective treatment, he needs expert testimony, and he has none.  Therefore, his claims fail.

15. Even if this Court denies summary judgment, it should still grant summary judgment to Dr. Obaisi on Plaintiff's punitive damages claim because Dr. Obaisi's conduct was not motivated by any evil intent and he only desired the best possible medical outcome for the Plaintiff.  (SOF at ¶¶ 66-68); *see* Punitive damages may be awarded under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it

involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWald*, 638 F.3d 905, 922-23 (8th Cir. 2011).

      16.    Dr. Obaisi incorporates his Local Rule 56.1 Statement of Undisputed Facts and Memorandum of Law in Support of Summary Judgment that are filed concurrently with this Motion.

      WHEREFORE, Defendant, SALEH OBAISI, M.D., prays that this Honorable Court enter an Order granting Summary Judgment in their favor, dismissing the case with prejudice against Plaintiff, awarding fees and costs, and for any other relief deemed just.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ James F. Maruna
One of the Attorneys for Defendant, SALEH OBAISI, M.D.

Matthew H. Weller / ARDC No. 6278685
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 29, 2016 I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

                                                          /s/ James F. Maruna

8400573 JMARUNA;JMARUNA